UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CARL ALLEN,

                Petitioner,

-against-

EVLYN MARIBAL, WARDEN,

                Respondent.

----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-2638 (KAM)

**MATSUMOTO, United States District Judge**:

On May 31, 2011, *pro se* petitioner, a pretrial detainee incarcerated at Rikers Island,[1] filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his confinement and seeking dismissal of his Richmond County indictment for the 1999 murder of Naomi Ortiz. (ECF No. 1, Petition for a Writ of Habeas Corpus Pursuant to 18 U.S.C. § 2241 ("Pet.").) Specifically, petitioner argues that the New York state court has flagrantly violated the speedy trial provision of the United States Constitution by denying his December 30, 2010 motion to dismiss the indictment and that he is entitled to relief in this court. The court has reviewed the petition and determined that petitioner is not entitled to the relief he seeks. Accordingly, for the reasons set forth below, the petition is dismissed without prejudice.

---

[1] The court takes judicial notice that petitioner was arrested on December 10, 2010 pursuant to Richmond County Indictment number 00390/2010. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited July 25, 2010).

1

## Discussion

Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2241. Section 2241 permits habeas corpus review for federal or state prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The habeas corpus statute, however, cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973); *see also Younger v. Harris*, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm); *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y.1982) (federal habeas corpus is not to be converted "into a pretrial motion forum for state prisoners") (citation omitted). Here, petitioner seeks to have this court consider his pretrial motion regarding speedy trial. The court will not do so because it cannot permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.

Moreover, a habeas petitioner must exhaust all available state remedies as a prerequisite to federal jurisdiction. While 28 U.S.C. § 2241 does not on its face require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, the Second Circuit has superimposed such a requirement to accommodate principles of federalism. *See Simmons v. Rotker*, No. 09 Civ. 7228, 2010 U.S. Dist. LEXIS 6494, at *2 (S.D.N.Y. Jan. 21, 2010) (citing *United States ex rel. Scranton*, 532 F.2d 292, 294 (2d Cir. 1976) ("The check on . . . premature or unwarranted habeas challenges is the requirement that the petitioner shall have exhausted all of [his] state remedies.").) "The exhaustion doctrine is a judicially crafted

instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." *Braden*, 410 U.S. at 490 (citation omitted).

The court cannot consider the instant application because petitioner has not exhausted his available state remedies. *See Scranton*, 532 F.2d at 296 (pretrial detainee challenging denial of speedy trial not entitled to habeas relief where state remedies had not been exhausted); *Albanese v. Loughren*, No. 05 CV 0572, 2005 WL 1460405, at *1-2 (N.D.N.Y. June 20, 2005) (same). Petitioner states that he attempted to file a motion pursuant to N.Y.C.P.L. § 30.20/30.30 on the ground that he had been deprived of his constitutional and statutory right to a speedy trial but that his motion was refused by the state trial court judge and his attempt to file an appeal was returned to him because the claim had not yet been heard in the lower court. (Pet. at 2, 22.) Petitioner, thus, has not fairly presented his federal constitutional speedy trial claim to the state court. Because the state proceedings are pending before the trial court, petitioner's claims have yet to be presented to the highest state court, and petitioner therefore has not exhausted his available state remedies. *See Scranton*, 532 F.2d at 296.

## Conclusion

The application for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied without prejudice. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York  
      July 25, 2011

/s/

Kiyo A. Matsumoto  
United States District Judge